**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DOMINGO MATIAS-PEREZ,

Defendant - Appellant.

No. 15-10341

D.C. No. 4:15-cr-00007-RM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Rosemary Marquez, District Judge, Presiding

Submitted July 26, 2016[**]

Before: SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Domingo Matias-Perez appeals from the district court's judgment and challenges the 54-month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Matias-Perez contends that the district court procedurally erred by improperly considering the fact that he rejected a fast-track plea agreement, failing to address his mitigating arguments, and failing to explain the sentence adequately. We review for plain error, *United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The record reflects that the district court considered Matias-Perez's mitigating arguments and explained the sentence sufficiently. *See United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008) (en banc). Moreover, the record does not support Matias-Perez's contention that the district court improperly considered Matias-Perez's rejection of the fast-track agreement or that it based the sentence on a policy of imposing harsher sentences for illegal reentry defendants who reject such agreements.

Matias-Perez also contends that the sentence is substantively unreasonable because the district court failed to give appropriate weight to the mitigating factors. The district court did not abuse its discretion in imposing Matias-Perez's sentence. *See Gall v. United States*, 552 U.S. 38, 51 (2007). The below-Guidelines sentence is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Matias-Perez's criminal and immigration history. *See Gall*, 552 U.S. at 51; *United States v. Guiterrez-Sanchez*, 587 F.3d 904, 908 (9th Cir. 2009) ("The weight to be given the various factors in a

particular case is for the discretion of the district court.").

**AFFIRMED.**